# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DARNELL BRYANT, | CASE NO. 1:10-cv-00600-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| A. SELLS, et al., | (Doc. 1) |
| Defendants. | |
| _____/ | |

Plaintiff Kevin Darnell Bryant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Kern Valley State Prison in Delano, California. Plaintiff names A. Sells (sergeant), Kelly Harrington (warden), and Matthew Cate (secretary of CDCR) as defendants ("Defendants"). Plaintiff claims Defendants violated the Racketeer Influenced and Corrupt Organizations Act. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will grant Plaintiff leave to file an amended complaint which cures the deficiencies identified in this order.

## I.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1    In determining whether a complaint fails to state a claim, the Court uses the same pleading

2    standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

3    contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

4    R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

5    allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

6    accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

7    Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

8    accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550

9    U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

10   liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.

11   (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual

12   allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

13   Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

14   statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

15   **II.   Background**

16   Plaintiff alleges that prison officials confiscated his legal property and tampered with his

17   mail.  On November 22, 2009, officers Yerena and Mendoza approached Plaintiff's cell and loaded

18   Plaintiff's legal papers on a push cart and took them to the internal affairs office.  The officers told

19   Plaintiff that Defendant A. Sells ordered them to confiscate the documents but did not explain why.

20   Plaintiff requested the return of his property and was interviewed by Sells on December 1, 2009.

21   Sells told Plaintiff that she did not have Plaintiff's legal documents and did not explain why the

22   documents were confiscated.  Sells told Plaintiff that he would receive his documents back in the

23   next one or two days.  On December 7, 2009, Plaintiff received most of his property back.  Plaintiff

24   alleges that he did not receive his private legal log book that contained his medical history, his

25   address book, and other documents.  Plaintiff filed a citizen's complaint with Defendant Kelly

26   Harrington but did not receive a response.

27   Plaintiff also alleges that Sells has "flagged" Plaintiff's incoming and outgoing mail.

28   Plaintiff contends that his mail has been withheld for weeks at a time and "[Plaintiff has] reason to

believe [the mail] was never sent out at all." (Compl. 4, ECF No. 1.) Plaintiff claims that some of

his "incoming legal mail" has been opened and had stickers attached to it stating that it was opened

in error.

**III.   Discussion**

   **A.   RICO Claims**

      Plaintiff claims that Defendants violated the Racketeer Influenced and Corrupt Organizations

Act ("RICO").  Under RICO's civil enforcement scheme, "[a]ny person injured in his business or

property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate

United States district court." 18 U.S.C. § 1964(c). Section 1962 sets forth various activities that are

prohibited under RICO.  Section 1962(c), the only subsection that appears to be relevant to this

action[1], states that:

> [i]t shall be unlawful for any person employed by or associated with
> any enterprise engaged in, or the activities of which affect, interstate
> or foreign commerce, to conduct or participate, directly or indirectly,
> in the conduct of such enterprise's affairs through a pattern of
> racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

      Construing Plaintiff's claims liberally, Plaintiff is alleging that (1) Defendants are employed

by CDCR, (2) CDCR is an enterprise engaged in, or its activities affect, interstate or foreign

commerce, and (3) Defendants participated directly or indirectly in the conduct of CDCR's affairs

through a pattern of racketeering activity, which in this case is alleged to be flagging Plaintiff's mail.

      Plaintiff does not allege that Defendants engaged in "racketeering activity" as defined by 18

U.S.C. § 1961. Flagging, delaying, and opening Plaintiff's mail is not "racketeering activity." See

18 U.S.C. § 1341 (defining mail fraud treated as "racketeering activity" under RICO).  Further,

Plaintiff does not allege that he had any business interests that were injured or that he was deprived

of any property interests merely because his mail was flagged and delayed. See Sedima, S.P.R.L.

v. Imrex Co., Inc., 473 U.S. 479, 496 (1985); Newcal Industries, Inc. v. Ikon Office Solution, 513

F.3d 1038, 1055 (9th Cir. 2008) ("To demonstrate RICO standing, a plaintiff must allege that it

---

[1]Plaintiff fails to identify the prohibited activity under Section 1962 in which Defendants engaged.

3

1  suffered an injury to its 'business or property' . . . as a proximate result of the alleged racketeering

2  activity").  Flagging Plaintiff's mail and delaying its delivery is not a compensable "harm to any

3  property interest valid under state law." Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005).  Plaintiff

4  fails to state any cognizable RICO claims.

5         **B.**    **Claims Under Section 1983**

6        Although Plaintiff's complaint was filed on a form used for Section 1983, Plaintiff has not

7  identified any specific causes of action under Section 1983.   However, Plaintiff's allegations

8  regarding confiscated property and mail tampering are generally raised under the First, Sixth, and

9  Fourteenth Amendments.

10               **1.**    **Property Claims**

11        Plaintiff claims that his legal property was confiscated on November 22, 2009.  Plaintiff

12  further alleges that most of his property was returned on December 7, 2009, but some of his property

13  was not returned.

14        The Due Process Clause protects prisoners from being deprived of property without due

15  process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

16  interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974).  Whether a

17  deprivation of property rises to the level of a constitutional violation depends on whether the

18  deprivation was negligent or unauthorized.  A negligent deprivation of property does not violate the

19  Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation

20  process is impracticable since the state cannot know when such deprivations will occur.  Hudson v.

21  Palmer, 468 U.S. 517, 533 (1984).   Similarly, an intentional, but unauthorized, deprivation of

22  property does not violate the Due Process Clause when adequate post-deprivation remedies are

23  available.  Id.  California Law provides an adequate post-deprivation remedy for any unauthorized

24  property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't

25  Code §§ 810-895).

26        Plaintiff's allegations regarding his property do not rise to the level of a due process violation

27  actionable under Section 1983.  Plaintiff's allegations are not entirely clear, but Plaintiff appears to

28  allege that Defendant Sells confiscated Plaintiff's property in an unauthorized manner.  Unauthorized

1  property deprivations are not due process violations because California provides adequate post-

2  deprivation remedies for unauthorized property deprivations. Plaintiff must pursue his remedies

3  under state law and not through a Section 1983 action.

4          **2.**     **Mail Claims**

5        Plaintiff also claims that prison officials tampered with his mail. While prisoners have "a

6  First Amendment right to send and receive mail," Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.

7  1995) (per curiam), Defendants' actions in opening Plaintiff's incoming mail do not clearly infringe

8  upon any First Amendment right. The First Amendment protects against the censorship of incoming

9  inmate mail when not necessary to protect legitimate governmental interests. Wolff v. McDonnell,

10  418 U.S. 539, 575 (1974). However, the situation here is not the equivalent of censorship. See id.

11  ("freedom from censorship is not equivalent to freedom from inspection or perusal"). Plaintiff also

12  contends that his incoming mail and outgoing mail was delayed, but the Court finds that the alleged

13  delay was not so long that it posed a substantial burden on Plaintiff's First Amendment rights or

14  chilled Plaintiff's exercise of free speech. Plaintiff fails to state any claims for the violation of his

15  rights under the First Amendment.

16          **3.**     **Access to Courts Claims**

17        Plaintiff's claims could be construed as alleging interference with Plaintiff's constitutional

18  right of access to the Courts because Plaintiff alleges that his legal property was confiscated and his

19  legal mail was opened.

20        Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S.

21  343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279

22  (9th Cir. 1995) (discussing the right in the context of prison grievance procedures); Vandelft v.

23  Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per

24  curiam). To establish a violation of the right of access to the courts, a prisoner must establish that

25  he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing

26  doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is "'actual

27  prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing

28  deadline or to present a claim.'" Id. at 348. When raising an access to courts claim seeking relief

5

for a lost opportunity to present a legal claim or relief from an unfavorable outcome in a prior legal claim, a plaintiff must show 1) the loss of a nonfrivolous or arguable claim; 2) the defendant's acts frustrating the litigation; and 3) that the relief sought is unobtainable in any presently existing suit. Christopher v. Harbury, 536 U.S. 403, 413-416 (2002).

Plaintiff has not alleged that he lost any nonfrivolous or arguable claim. In order to meet the pleading standard for raising an access to courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued. . . ." Christopher v. Harbury, 536 U.S. 403, 417 (2002). Plaintiff has not alleged that he suffered any prejudice with respect to existing or future litigation. The Court also notes that Plaintiff has failed to establish that he cannot obtain the relief he seeks in any presently existing suit. Plaintiff fails to state any cognizable access to courts claims.

### 4.    Attorney Client Privilege Claims

Plaintiff alleges that prison officials opened mail from an attorney, which may have contained privileged information. Plaintiff has not described the contents of the mail and has only offered the conclusory allegation that the mail was confidential. Plaintiff also fails to allege that the attorney was actually representing Plaintiff in any litigation and does not allege any facts to suggest that the material in the letter was privileged.

Not all "legal mail" is treated as privileged or confidential. For example, mail from the courts is not afforded constitutional protection beyond that which is provided for regular incoming mail because such mail is a public document to which the government already has access. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Based on this same reasoning, mail containing briefs filed with a court is not "legal mail" and the attorney-client relationship is not breached when the government opens mail to an inmate containing such briefs. The government already has access to all the information contained in the briefs; thus, there has been no communication of privileged defense strategy. To state a claim, Plaintiff must describe the contents of the mail in order to support a plausible claim for relief. The Court need not accept Plaintiff's conclusory allegations as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

///

Furthermore, "[s]tanding alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." Clutchette v. Rushen, 770 F.2d 1469, 1471 (9th Cir. 1985). "In some situations, however, government interference with the confidential relationship between a defendant and his counsel may implicate Sixth Amendment rights." Id. "Such an intrusion violates the Sixth Amendment only when it substantially prejudices the defendant." Id. "In order to show that the government's alleged intrusion into the attorney-client relationship amounted to a violation of the Sixth Amendment, a defendant must show, at a minimum, that the intrusion was purposeful, that there was communication of defense strategy to the prosecution, or that the intrusion resulted in tainted evidence." U.S. v. Fernandez, 388 F.3d 1199, 1240 (9th Cir. 2004) (citing United States v. Danielson, 325 F.3d 1054, 1067 (9th Cir. 2003)) (emphasis in original). Plaintiff has not alleged any of these elements.

Accordingly, Plaintiff's allegations regarding his mail fail to rise to the level of a constitutional violation.

**IV.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

7

to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this

action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

**Dated:     November 10, 2010**                          /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE